IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VICTOR LOPEZ,**<br><br>Plaintiff,<br><br>v.<br><br>**PARAGON SYSTEMS, INC., et al.,**<br><br>Defendants. | 1:13-cv-02037 AWI MJS<br><br>**FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO STAY**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS**<br><br>**(Doc. 10)** |

I.  **INTRODUCTION**

Plaintiff Victor Lopez ("Plaintiff") seeks damages from Defendants Paragon Systems, Inc. ("Paragon"), Security Consultants Group, Inc., Pinkerton Government Services, Inc., and Securitas Security Services USA, Inc. (collectively, "Defendants") for violations of California state labor laws. Specifically, Plaintiff seeks relief for: (1) unpaid overtime in violation of California Labor Code §§ 510 and 1198; (2) unpaid meal period premiums in violation of Labor Code §§ 226 and 512(a); (3) unpaid rest period premiums in violation of Labor Code § 226.7; (4) unpaid minimum wages in violation of Labor Code §§ 1194, 1197, and 1197.1; (5) wages not timely paid upon termination in violation of California Labor Code §§ 201 and 202; (6) wages not timely paid during employment in violation of Labor Code § 204; (7) non-compliant wage statements in violation of Labor Code § 226(a); (8) failure to keep requisite payroll records in violation of Labor Code §

1

1174(d); (9) deprivation of wages owed under Industrial Welfare Commission Wage order 4-2001; (10) Private Attorney general Act violations of Labor Code §§ 2698-2699.5; and (11) violations of California Business & Professions Code § 17200-17207.

Presently before the Court is Defendants' motion to stay the proceedings pursuant to the first-to-file rule. (ECF No. 10.) The motion was made in light of an earlier filed action currently pending in the United States District Court for the Southern District of California ("Mireles Action"). Plaintiff filed an opposition to the motion on February 13, 2014. (ECF No. 15.) Defendants filed a reply on February 21, 2014. (ECF No. 17.) For the reasons set forth below, the Court recommends that Defendants' motion be granted.[1]

## II.   BACKGROUND

### a.   Lopez Action

On October 25, 2013, Plaintiff filed the present class action complaint against Defendants in the Superior Court of California, County of Kern, on behalf of himself and others similarly situated. On December 9, 2013, Defendants filed an answer to the complaint, and on December 12, 2013, Defendants filed a notice of removal of the matter to federal court. (ECF No. 1.) Defendants removed the case to this Court pursuant to the Labor Management Relations Act, 29 U.S.C. § 185, and the Class Action Fairness Act, 28 U.S.C. § 1332(d).

Plaintiff did not challenge the notice of removal. Instead, on January 9, 2014, Plaintiff filed a motion for class certification. (ECF No. 5.) On January 17, 2014, Defendants filed the instant motion to stay in light of the Mireles Action.

Plaintiff brings this action on behalf of himself and other current and former security officers employed by Defendants in California "that were required to work 8 hours or more without adequate rest and/or meal breaks at any time from August 2012 to final judgment." (ECF No. 1 at 28.) While not providing detailed information, Plaintiff alleges that Defendants failed to appropriately pay him and fellow security officers for

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

overtime, and time worked during required rest and meal break periods. Plaintiff also alleges various claims regarding failure to provide timely payment of wages and accurate wage statements and related claims under California state law.

### a. Mereles Action[2]

On December 7, 2012, Cruz Mireles and twelve other similarly situated plaintiffs brought an action against Paragon in San Diego County Superior Court. On January 16, 2013, Defendants removed the action to the United States District Court, Southern District of California. Mireles v. Paragon Systems, Inc., S.D. Cal. Case No. 3:13-cv-00122-L-BGS. In the operative complaint[3] the Mireles plaintiffs allege eight causes of action including, failure to provide meal periods, failure to provide rest break premium pay, failure to provide overtime pay, failure to indemnify or reimburse, failure to provide accurate wage statements, failure to promptly pay wages owed, unfair business practices, and violation of the California Private Attorney General Act.

The Mireles plaintiffs allege, on behalf of themselves and all others employed as security officers by Paragon during the relevant statutory period, that that they were not properly compensated for overtime or work performed during breaks, not allowed rest and meal breaks, and not indemnified or reimbursed for expenses incurred while employed.

The parties in the Mireles Action have engaged in significant discovery, including production of thousands of pages of documents and fifteen depositions of parties and witnesses. (See Shavit Decl. ¶ 4.)  On November 6, 2013, Paragon filed a motion for partial summary judgment, and on November 11, 2013, the Mireles plaintiffs filed a motion for class certification. The motions remain under submission.

///

---

[2] The Court may properly take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.1993). Accordingly, the Court shall take judicial notice of documents filed in the case Mireles v. Paragon Systems, Inc., S.D. Cal. Case No. 3:13-cv-00122-L-BGS.

[3] The Court notes that plaintiffs in the Mireles matter filed a motion for leave to file a second amended complaint on February 18, 2014. That motion remains pending.

3

### III. **LEGAL STANDARD**

"[T]he first to file rule is 'a generally recognized doctrine of federal comity'" under which "a district court [may] decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1161 (9th Cir. 2011) (quoting Pacesetter Sys. Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982)). This rule "was developed to 'serve[]the purpose of promoting efficiency well and should not be disregarded lightly.'" Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 625 (9th Cir. 1991) (quoting Church of Scientology v. U.S. Dep't of the Army, 611 F.2d 738, 750 (9th Cir. 1979)). In addition to judicial efficiency, the rule helps "prevent[] the risk of inconsistent decisions that would arise from multiple litigations of identical claims." Ruckus Wireless, Inc. v. Harris Corp., 11-cv-019440-LHK, 2012 U.S. Dist. LEXIS 22336, 2012 WL 588782 (N.D. Cal. Feb. 22, 2012); see also Church of Scientology, 611 F.2d at 750 ("The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments.").

Under this doctrine, a district court may choose to transfer, stay or dismiss an action where a similar complaint has been filed in another district court. See Alltrade, 946 F.2d at 623. The court must consider three threshold factors in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994); see also Apple Inc., 658 F.3d at 1161. However, the first-to-file rule is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." Pacesetter, 678 F.2d at 95. Accordingly, a district court is left with the discretion to deviate from the first-to-file rule where equity dictates. See Alltrade, 946 F.2d at 628 ("The most basic aspect of the first-to-file rule is that it is discretionary, 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'" (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183-84, 72 S. Ct. 219, 96 L. Ed.

200, 1952 Dec. Comm'r Pat. 407 (1952)).

**IV.      ANALYSIS**

      **A.      Chronology of the Two Actions**

Where duplicative actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction generally should proceed with the litigation. Pacesetter Sys., Inc., 678 F.2d at 95. Here, the Mireles Action was originally filed in state court on December 16, 2013, and the Southern District of California gained jurisdiction of the case on January 16, 2012. (ECF No. 6-9.) The instant action was originally filed in state court on October 25, 2013, and this Court gained jurisdiction on December 12, 2013. (ECF No. 1.) Accordingly, it is clear that the Southern District of California is the first court to acquire jurisdiction and, thus, should proceed with the litigation unless equities otherwise dictate.

      **B.      Similarity of the Parties**

The Court must next consider the similarity of the parties. The first-to-file rule does not require strict identity of the parties but, rather, substantial similarity. Adoma v. Univ. of Phoenix, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) (citing Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006)). Indeed, "courts routinely recognize that [the parties] need not be identical in the two actions." Wright v. RBC Capital Mkts. Corp., CIVS093601FCDGGH, 2010 U.S. Dist. LEXIS 80165, 2010 WL 2599010 (E.D. Cal. June 24, 2010) (citing Biotronik, Inc. v. Guidant Sales Grp., No. 09-442-KI, 2009 U.S. Dist. LEXIS 52635, 2009 WL 1838322 (D. Or. June 22, 2009) ("The parties . . . need not be exactly identical; there may be additional parties . . . .")).

"The rule is satisfied if some parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." Medlock v. HMS Host USA, Inc., CV F 10-2167 LJO GSA, 2010 U.S. Dist. LEXIS 133143, 2010 WL 5232990 (E.D. Cal. Dec. 16, 2010) (quoting Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc., 544 F. Supp. 2d 949, 959, n.6 (N.D. Cal. 2008)). In the context of a class action, the court compares the potential classes rather than the named

representatives. Adoma, 711 F. Supp. 2d at 1147 (citing Ross v. U.S. Bank. Nat'l Ass'n, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008)).

In the present case, there is substantial similarity between the parties. The named defendant in the Mireles Action, Paragon, is one of four named defendants in the Lopez Action. While three additional defendants are named in the Lopez Action, Plaintiff does not provide any information as to if or how those additional defendants present different or additional issues.

Additionally, the proposed classes for the two actions are identical. The parties in both actions have presented four subclasses, defined as follows:

> (1) Subclass I: All current or former non-exempt Security Officers who worked for Defendant(s) during the class period, who have not been compensated premium pay for all hours worked in excess of eight (8) hours per day and/or all hours worked on the seventh consecutive day in a workweek.
>
> (2) Subclass II: All current or former non-exempt Security Officers who worked for Defendant(s) during the class period, who have been prohibited from taking 30-minute uninterrupted meal periods, and who were not paid premium pay.
>
> (3) Subclass III: All current or former non-exempt Security Officers who worked for Defendant(s) during the class period, who have not been provided lawful rest periods or premium pay by Defendant(s).
>
> (4) Subclass IV: All current or former non-exempt Security Officers who worked for Defendant(s) during the class period, who Defendant(s) failed to compensate for all hours worked before and after their scheduled shift, including but not limited to hours worked while commuting to and from their place of employment with a company issued firearm.

(Compare ECF No. 4-1 at 2-3 and ECF No. 10-3 at 2-4.) As Plaintiff presents the same subclasses of plaintiffs based on the same causes of action against the same defendant, the Court finds the potential parties are substantially similar.

### C. Similarity of the Issues

Finally, the Court must consider whether the issues in the Mireles Action are substantially similar to those in the Lopez Action.

As with the parties, the first-to-file rule does not require that the issues in the two actions be identical. Adoma, 711 F. Supp. 2d at 1147 (citing Inherent.com, 420 F. Supp.

6

2d at 1097). "Rather, the issues need only be 'substantially similar.'" Id. (citing Inherent.com, 420 F. Supp. 2d at 1097).

Both actions arise from Paragon's alleged California Labor Code violations with regard to employees working as security officers, including, but not limited to, failure to pay security officers for overtime and unpaid meal period premiums, failure to pay minimum wages, and failure to furnish each employee with timely and accurate itemized wage statements. In short, both actions assert nearly identical violations of the California Labor Code and other California Code sections based on the same practices occurring during the same time period. See Herrera v. Wells Fargo Bank, N.A., C 11-1485 SBA, 2011 U.S. Dist. LEXIS 141976, 2011 WL 6141087 (N.D. Cal. Dec. 9, 2011) (finding case involving FLSA claims substantially similar to case involving California claims when claims alleged same practices occurring at same time). The similarity of these allegations would require the court to make similar determinations.

Accordingly, the Court finds that the issues in the Mireles Action and the Lopez Action are substantially similar.

### D. **Exceptions**

Even assuming that the three requirements of the first-to-file rule are satisfied, the Court must consider whether an exception to the rule applies.

"The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, . . . anticipatory suit, and forum shopping." Alltrade, Inc., 946 F.2d at 627-28. Plaintiff does not contend, and the Court does not find, that any of these concerns are implicated in the present case.

Additionally, the first-to-file rule is rooted in principles of comity. "The purpose of the comity principle is of paramount importance. The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." Church of Scientology of Cal. v. U.S. Dep't of Army, 611 F.2d 738, 750 (9th Cir. 1979) (citing Great N. Ry. Co. v. National Rr. Adjustment Bd., 422 F.2d 1187, 1193 (7th Cir. 1970)).

1  Plaintiff asserts that Defendants have filed this motion to stay in an attempt to forum-shop and delay the proceedings. Specifically, Plaintiff claims: (1) that while venue was proper in all federal districts in California, Defendants decided to remove the case to this district; (2) that this action will proceed faster than the first filed Mireles Action; (3) that the fact and legal issues presented in each case differ; (4) and that the timing between filings is insubstantial. The Court shall address each contention in turn.

First, as Defendants note in their reply, federal law only allowed removal of the Lopez Action from Kern County Superior Court to this court. Besides making the choice to remove the matter to federal court, Paragon did not attempt to forum-shop by litigating the Mireles Action in the Southern District. Like the Lopez Action, the Southern District of California was the only district to which the court have been removed. Regardless, as the actions involve employees employed throughout California, there appears to be no apparent advantage in prosecuting the action in any of the federal districts of California. Plaintiff has provided no basis as to why Defendant would prefer the alternative forum apart from the more advanced stage of the litigation in the Southern District.

Plaintiff also asserts that the Lopez Action is proceeding faster than the Mireles Action. The Mireles action has been proceeding for a year and has motions for partial summary judgment, class certification, and leave to file an amended complaint pending. The Lopez Action was recently filed and has a certification motion and the instant motion to stay pending.

The Court disagrees with Plaintiff's assertion that just because the motion to certify was filed sooner in this matter, that this case will progress faster than Mireles. In this regard, it is quite noteworthy that Plaintiff's certification motion in this case appears to be a virtually identical copy of the certification motion filed in the Mireles Action. (Compare ECF No. 4-1 with ECF No. 10-3.) Similarly, the evidence presented in the certification motion in Lopez is evidence that was obtained in discovery in Mireles and presented in the Mireles certification motion. Accordingly, if this Court were to proceed, it would be addressing the exact same arguments presented in the Mireles Action.

Adjudication of the motion would involve duplicative efforts and could create inconsistent rulings. Moreover, as the certification motion in the Mireles action was only directed towards Paragon, the duplicative evidence presented here is similarly focused on Paragon. This limited framing of the facts could adversely impact the Court's ability to certify a class with regard to the other named defendants.

Further, Defendants assert that if this action proceeds, they likely will have to file similar motions to those filed in the Mireles Action. In Mireles, Paragon filed a motion for summary judgment claiming that the plaintiffs were exempt employees not subject to overtime pay. Presumably the same issue will be presented here leaving it unlikely the Lopez Action will proceed at a faster pace than the Mireles Action.

Finally, the Court disagrees that the difference in the timing of the filings is insubstantial. The Lopez Action was filed nine months later, and in the interim, the parties in the Mireles Action have engaged in substantial discovery and motion practice, much of which has been relied upon by Plaintiff in this case.

Given the overlap in the claims and parties, and the potential expenditure of scarce judicial resources to adjudicate nearly identical cases, the equities in this case weigh in favor of staying the Lopez Action. Accordingly, the Court recommends that motion to stay be granted.

**V.    RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Defendants' motion to stay be GRANTED.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen

(14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 5, 2014                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE