1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   VICTOR LOPEZ,                              1:13-cv-02037-AWI-MJS

12              Plaintiff,

13        v.                                    **ORDER ADOPTING FINDINGS AND RECOMMENDATION AND GRANTING MOTION TO STAY**

14   PARAGON SYSTEMS, INC., et al.,

15              Defendants.

16

17        On March 5, 2014, the Honorable Magistrate Judge Michael J. Seng issued his Findings

18   and Recommendation that Plaintiff's action be stayed in light of the parallel action in the

19   Southern District of California; *Mireles v. Paragon Systems, Inc.,* S.D. Cal. Case No. 3:13-cv-

20   00122-L-BGS. (Doc. 18.) The Findings and Recommendation was served on all parties appearing

21   in the action.  On March 18, 2014, Plaintiff filed objections to the Findings and Recommendation.

22   (Doc. 20.) On March 25, 2014, Defendant filed a response to Plaintiff's objections.

23        Turning to Defendant's motion to stay, in accordance with the provisions of 28 U.S.C.

24   § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully

25   reviewed the entire file, the Court concludes that the Magistrate Judge's Findings and

26   Recommendation is supported by the record and proper analysis. Plaintiff's objections to the

27   Findings and Recommendation do not persuade this Court that the Findings and Recommendation

28   are, in any way, incorrect. Plaintiff has raised three primary objections to the Magistrate Judge's

                                              1

1    recommendation that a stay be imposed: that 1) the Defendants in this case present different or

2    additional issues from those in *Mireles*, 2) the *Mireles* Action in not procedurally further ahead of

3    this case, and 3) the Defendant's failure to remove or transfer to the Southern District has

4    somehow waived the right to request a stay in this case.

5         As to Plaintiff's first contention, the conclusion that "[the] *Lopez* case involves four

6    defendants, each with their own set of contracts and/or Collective Bargaining Agreements

7    "CBA")", Doc. 20, p.2, is still inadequate to show "how those additional defendants present

8    different or additional issues." (Doc. 18, p.6.) Further, despite Plaintiff's allegations to the

9    contrary, the putative classes at issue in both actions are nearly, if not completely identical. (*See*

10   Doc. 18, p.6; Doc. 4-1, p.8-9; Doc. 10-3, p.9-11.) The putative classes both purport to represent

11   the same class of plaintiffs throughout the State of California. (Compare Doc. 4-1, p. 8 ("All

12   …employees who worked for Defendants in the State of California from August 2012 to final

13   judgment") with Doc. 10-3, p. ("…individuals employed by DEFENDANT (sic) throughout

14   California.").)

15        As to Plaintiff's second contention, the *Mireles* Action has progressed at a reasonable

16   pace and this history of this action does not persuade the Court that this action will progress any

17   faster than the *Mireles* action. In fact, the substantial discovery completed in the *Mireles* action

18   tends to indicate that it is further progressed than this case.

19        As to Plaintiff's third contention, Defendants were required to remove this action to this

20   District and Division. Section 1441 of Title 28 of the United States Code provides that "any civil

21   action brought in a State court of which the district courts of the United States have original

22   jurisdiction, may be removed by the defendant or the defendants, to the district court of the

23   United States for the *district* and *division* embracing the place where such action is pending."

24   (emphasis added.) Plaintiff's claim that Defendant could have removed to the Southern District is

25   in error. Defendant is correct that 29 U.S.C. § 185 only deals with the filing of suit, not removal

26   to federal court. Regardless, the motion for stay was filed approximately a month after removal

27   and only eight days after Plaintiff attempted to certify a class that is almost identical to the

28   *Mireles* putative class. Accordingly, Defendant took action to prevent further development of this

1    case when it became reasonably apparent that this action mirrors the *Mireles* action.

2        It is this Court's opinion that Judge Seng correctly concluded, based on the "overlap in

3    claims and parties, and the potential expenditure of scarce judicial resources to adjudicate nearly

4    identical cases, the equities in this case favor staying of the Lopez Action." (Doc 18, p.9.)

5        Plaintiff has requested oral argument as to this issue. (Doc. 20, p.4.) After having

6    reviewed all competent evidence submitted this Court has made the determination that this matter

7    is suitable for decision without oral argument. *See* Eastern District Local Rule 230(g).

8        Defendant has directed this Court to two typographical errors in the Magistrate Judge's

9    Findings and Recommendation: on page 5, lines 6-8 the dates of initial filing of the *Mireles*

10    Action in state court and removal to federal court should read "December 16, 2012" and "January

11    16, 2013", respectively.

12        Accordingly, IT IS HEREBY ORDERED that:

13      1. The Recommendation of the Magistrate Judge is adopted with an amendment only

14        to correct the typographical error described above;

15      2. Defendant's motion to stay is GRANTED;

16      3. Plaintiff's request for hearing to present oral argument is DENIED.

IT IS SO ORDERED.

Dated: __May 12, 2014__                      _____
                              SENIOR DISTRICT JUDGE

3